## CIRCUIT COURT OF THE CITY OF WINCHESTER

Farmers and Merchants Nat. Bank

v.

American Lung Ass'n of W. Va., Inc., et al.

September 26, 1988

Case No. 85-CH-60

By JUDGE PERRY W. SARVER

The Court now rules on those exceptions to the Commissioner's Report filed herein by Thornton Cooper, Esq., Counsel for American Lung Association of West Virginia, Inc., (herein referred to ALAWV); by George W. Johnston, III, Esq., Counsel for March of Dimes Birth Defects Foundation, Inc., (herein referred to as MOD) and in light of the memoranda in support of the Commissioner's Report filed herein by D. P. Rabun, Esq., Counsel for Mattie N. Bonham, Jefferson County Charity Fund, Inc., (herein referred to as "Fund") and by John R. Prosser, Esq., filed in behalf of Jefferson County Tuberculosis Association et al. (herein referred to as JCTA).

Code Section 8.01-610 addresses the weight to be given a Commissioner's Report and provides:

> The report of a Commissioner in Chancery shall not have the weight given to the verdict of the jury on conflicting evidence, but the Court shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence.

In construing this Code Section 8.01-610, the Supreme Court states in *Hill v. Hill*, 227 Va. 569, 318 S.E.2d

292 (1984), that this rule applies with particular force to a Commissioner's findings of fact based upon evidence taken in his presence but is not applicable to pure conclusions of law contained in the report.

With the foregoing in mind, it is my opinion that the report should be sustained as to those factual findings contained therein with respect to questions 1, 2, and 3. The Court, therefore, is of the opinion, based upon the Commissioner's findings of fact, and further with respect to paragraph SEVENTH (c) of Mattie N. Bonham that:

1. The JCTA is the only remaining beneficiary under the will and there is no factual basis to support the claim of ALAWV.

2. That Jefferson County Chapter of the National Foundation of Paralysis no longer exists in form or in function for the purposes stated in the will and that to hold otherwise as to either the last mentioned association or the ALAWV would be contrary to the expressed intent and purposes expressed by the Testatrix in her will.

3. Finally, as to question 3, the Court is of the opinion that as to the application of the law, Commissioner's initial reaction was the correct reaction, i.e., not applying the *cy pres* doctrine. I am of the opinion that the Court does not have to apply the doctrine based upon the facts contained in the Commissioner's Report and to do so would be contrary to the principles of *cy pres*.

The Commissioner's reasons for applying this doctrine and for finding that the fund should be a beneficiary along with JCTA was that the charitable benefits provided for under her will should benefit the residents of Jefferson County over a broad spectrum of health needs as initially provided for in her will. Initially, infantile paralysis, crippled children and adults, and tuberculosis were to be the charitable objects of the will. The Commissioner states that because the bequest for the benefit of infantile paralysis fails for the reasons stated in the report by him and that the bequest for the benefit of crippled children and adults also fails, for those reasons stated leaving only JCTA, a new charitable organization, the Fund, should be created to meet the "broad spectrum of health needs" initially provided in the will. It was the Commissioner's opinion that the intent of the will would

most nearly be met by an equal division of the trust income between JCTA and the Fund.

However, this is contrary to the expressed intent of the Testatrix. All parties agree that the will is unambiguous and that her intent was clear. She recognized the possibility that some of the charities might not be in existence and she provided that:

> Should any one of said organizations cease to exist, then I direct that such portion of income be paid over equally in like manner to other charities named above, and if during the continuance of this trust there be but one of the above-named charities in existence, then the whole of the income shall be paid to it.

Thus, this possibility has come to pass, and the sole remaining beneficiary is JCTA.

It is only in the event that none of said charities exist that the *cy pres* doctrine may be invoked or applied to create a new organization such as the Fund.

Fund argues that it should be a beneficiary because tuberculosis is being controlled, and the charitable purposes to be attained through JCTA are limited. While that may be true, the creation of a new charitable organization is not the answer. The remaining beneficiary (JCTA) can likewise seek to broaden its stated charitable purpose through proper proceedings if the facts and circumstances justify such action and are not inconsistent with those principles of law set forth in *Campbell v. Board of Trustees of James, etc.*, 220 Va. 516, 260 S.E.2d 204 (1979).

As stated in *Smith v. Moore*, 225 F. Supp. 434, 441 (E.D. Va. 1963):

> Before invoking the *cy pres* doctrine, whether by statute or through the medium known as judicial power, it is necessary that there be (1) a valid charitable trust *without a gift over*, (2) existing general charitable intent, and (3) the beneficiaries must be indefinite or uncertain, (4) the purpose of the trust must be indefinite, impossible to perform, or so impracticable of performance

as to characterize the fulfillment of the purpose as "impossible." (Emphasis added).

*See also* 15 Am. Jur. 2d, *Charities*, Section 160 at page 191, wherein it is stated that:

If the testator himself provides an alternative, there is no need to apply the doctrine of *cy pres* at all and the general rule is that it will not be applied. Thus, if there is a gift over or a provision for reversion of the property in the event the gift fails or cannot be carried out as directed, there is no occasion for applying *cy pres*, since the alternative provision effectuates the donor's stated intention in such event a variant application would violate and defy that intention.

In summary, the Court sustains the Commissioner's findings of fact made in response to questions 1, 2, and 3 of the order of reference but overrules his application of the *cy pres* doctrine under question 3. The Court also sustains the Commissioner's findings made in response to question 4.

Mr. Prosser shall prepare a final decree providing that JCTA is the sole remaining beneficiary under paragraph SEVENTH (c) of the last will of Mattie N. Bonham.